```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**PATRICIA A. KUNKEL, individually,**
**and as Executor of The Estate of**
**Frederick L. Kunkel a/ka Fred Kunkel,**

       Plaintiff,

  vs.                                Civil Action 2:11-CV-492
                                          Judge Graham
                                          Magistrate Judge King

**CUNA MUTUAL INSURANCE**
**SOCIETY,**

       Defendant.

## OPINION AND ORDER

This matter is before the Court on plaintiff's motion for leave to amend the complaint to add Hopewell Federal Credit Union ("Hopewell") as a defendant.  *Plaintiffs' Motion for Leave to Amend their Complaint and Add the Hopewell Federal Credit Union as a Party Defendant*, Doc. No. 10 ("*Motion to Amend*").

**I.   BACKGROUND**

Plaintiff, a resident of Ohio, filed the original complaint in the Court of Common Pleas in Licking County, Ohio.  *Complaint for Breach of Insurance Contract and Bad Faith*, Doc. No. 3.  The *Complaint* named as the only defendant CUNA Mutual Insurance Society, identified as a resident of Iowa, and alleged that defendant issued an insurance policy to plaintiff and her husband but denied her claim for benefits in bad faith. The *Complaint* asserts claims of breach of contract and bad faith.  *Id.* ¶¶ 1, 6, 8.  Although the *Complaint* identified Hopewell as defendant's agent "[a]t all times relevant to the allegations," plaintiff did not advance claims against Hopewell or allege that it was Hopewell that

issued the policy. *Id.* On June 7, 2011, defendant filed a notice of removal premised on diversity jurisdiction. *Defendant's Notice of Removal of Cause*, Doc. No. 1.

Plaintiff later filed the instant *Motion to Amend*, a two-page document that includes no legal citations. Doc. No. 10. The proposed amended complaint, which would again assert a breach of contract claim and a bad faith claim, would join Hopewell as a defendant and would add one minor allegation: The breach of contract claim now alleges that the certificate of insurance "was never to delivered to the borrowers as required by Ohio law." *Amended Complaint for Breach of Insurance Contract and Bad Faith*, Doc. No. 10-1, ¶ 6 ("*Amended Complaint*"). In her supporting memoranda, plaintiff argues without elaboration that Hopewell is a necessary party on the basis of Hopewell's alleged agency and the alleged failure to deliver the certificate of insurance. *Motion to Amend*, p.2; *see also Plaintiffs' Response to Defendant's Opposition to Plaintiffs' Motion to Amend*, Doc. No. 17, p.1.

In response, defendant argues that plaintiff is attempting by her motion to destroy diversity jurisdiction by adding a non-diverse party. *Defendant's Opposition to Plaintiff's Motion to Amend and Correct*, Doc. No. 13 ("*Opposition to Motion to Amend*"). Defendant argues that denial of the *Motion to Amend* is appropriate under 28 U.S.C. § 1447(e) because Hopewell is a non-diverse party and because the allegations concerning Hopewell are irrelevant to the claims for relief. *Id.* Defendant also argues against joinder under fraudulent joinder principles. *Id.*

Plaintiff does not dispute that Hopewell is a non-diverse party.

**II. DISCUSSION**

Pursuant to 28 U.S.C. § 1447, the Court "may deny" a request to add an additional defendant if the request follows removal from state court and "would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e).

Although the Sixth Circuit has not addressed the standard that governs the application of 28 U.S.C. § 1447(e), it is clear from the language of the statute and its application by other courts that denial of leave to amend in order to join an additional party under the statute is discretionary. *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005); *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999).  Here, because plaintiff does not dispute that Hopewell is a non-diverse party, there is no question that its addition would destroy subject matter jurisdiction.  The only remaining question is whether denial is an appropriate exercise of the Court's discretion.

In exercising the Court's discretion under 28 U.S.C. § 1447(e), courts have considered "the diverse defendant's interest in selecting a federal forum . . . together with four other factors: (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities." *J. Lewis Cooper*, 370 F. Supp. 2d at 618 (internal quotation marks omitted).

Here, plaintiff does nothing to demonstrate the legal basis for Hopewell's addition or to refute defendant's contention that the allegations concerning Hopewell are irrelevant to the breach of contract and bad faith claims.[1]  Plaintiff does not allege that Hopewell is a party to the contract of insurance that was allegedly breached and so cannot establish the breach of any contract between plaintiff and Hopewell. *See Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) ("To

---

[1] Plaintiff does not identify the state law that she believes applies, but because she also does not refute defendant's application of Ohio law to her claims, *see Opposition to Motion to Amend*, Doc. No. 13, p.3, the Court assumes that, for purposes of this motion, Ohio law applies to plaintiff's claims.

3

establish a breach of contract, a plaintiff must show that a contract existed, the plaintiff performed, the defendant breached, and the plaintiff suffered damages.") (citing *Wauseon Plaza Ltd. P'ship v. Wauseon Hardware Co.*, 807 N.E.2d 953, 957 (Ohio Ct. App. 2004)). The bare allegation that Hopewell acted as defendant's agent is not enough to advance a cause of action for breach of contract against Hopewell based on the contract between plaintiff and defendant. *See James G. Smith & Assocs., Inc. v. Everett*, 439 N.E.2d 932, 935 (Ohio Ct. App. 1981) ("An agent who acts for a disclosed principal and who acts within the scope of his authority and in the name of the principal is ordinarily not liable on the contracts he makes."); Restatement (3d) Of Agency § 6.01 (2006) ("When an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal . . . the agent is not a party to the contract unless the agent and third party agree otherwise."). In addition, plaintiff does not allege that any of Hopewell's actions amount to an independent breach of contract. *Amended Complaint*, Doc. No. 10-1, ¶¶ 1, 5 (alleging only that Hopewell was involved in selling the insurance policy and submitting plaintiff's claim to defendant). Although plaintiff alleges without citation that the certificate of insurance "was never delivered to the borrowers as required by Ohio law," *Amended Complaint*, Doc. No. 10-1, ¶ 6, that allegation is irrelevant to the claims pursued by plaintiff. She does not allege that the duty to deliver the certificate of insurance is a contractual duty, nor has she advanced claims based on that alleged statutory duty. It is therefore clear that plaintiff has no breach of contract claim against Hopewell.

Similarly, plaintiff does not accuse Hopewell of any bad faith conduct, nor does she allege that Hopewell had any part in defendant's refusal of the claim. In short, plaintiff does not advance a bad faith

claim against Hopewell.  *Cf. Amended Complaint*, Doc. No. 10-1, ¶ 8 (alleging that "Defendant, CUNA Mutual Insurance Society, in bad faith refused to make payment under the policy without reasonable justification."); *see Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, syllabus ¶ 1 (Ohio 1994) ("An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor.").

The fact that plaintiff cannot prevail on claims purportedly asserted against Hopewell suggests that the purpose of the requested amendment is to defeat this Court's jurisdiction. *Cf. Siedlik v. Stanley Works, Inc.*, 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002) (noting that the consideration of "the extent to which the purpose of the amendment is to defeat jurisdiction . . . favors Plaintiffs because, for reasons discussed above, Plaintiffs have stated a *legitimate* claim against [the proposed defendant]") (emphasis added).  In addition, the similarity of the original *Complaint* and the tendered *Amended Complaint* strongly suggests that plaintiff was dilatory in seeking to add a defendant. Plaintiff identified Hopewell as defendant's agent in the original *Complaint* and thus could have joined Hopewell as a defendant at that time.  *See Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997) ("Plaintiff has asserted no reason why [the proposed defendant] was not named as a defendant in the original action.").

For all these reasons, this Court concludes that its discretion under 28 U.S.C. § 1447(e) is better exercised in denying plaintiff's *Motion to Amend*.

**WHEREUPON** plaintiff's *Motion to Amend*, Doc. No. 10, is **DENIED**.

5

                                                       *s/Norah McCann King*
                                                           Norah McCann King
                                        United States Magistrate Judge

October 18, 2011