IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**PATRICIA A. KUNKEL, individually,
and as Executor of The Estate of
Frederick L. Kunkel a/ka Fred Kunkel,**

       **Plaintiff,**

    **vs.**                                            **Civil Action 2:11-CV-492
Judge Graham
Magistrate Judge King**

**CUNA MUTUAL INSURANCE
SOCIETY,**

       **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

    This matter is before the Court on plaintiff's motion to remand premised on lack of subject matter jurisdiction, *Motion to Remand Due to Lack of Subject Matter Jurisdiction*, Doc. No. 9 ("*Motion to Remand*"), and defendant's motion to strike an affidavit filed in support of the *Motion to Remand*, *Defendant's Motion to Strike Plaintiff's Counsel['s] Improper Affidavit* ("*Motion to Strike*"), Doc. No. 14.  The *Motion to Remand* was referred to the undersigned for report and recommendation. *Order*, Doc. No. 15.  For the reasons that follow, it is **RECOMMENDED** that the *Motion to Remand* be denied.  The *Motion to Strike* is **DENIED**.

**I.    BACKGROUND**

    Plaintiff filed the original *Complaint* in the Court of Common Pleas for Licking County, Ohio.  *Complaint for Breach of Insurance Contract and Bad Faith*, Doc. No. 3.  The *Complaint*, which includes claims of breach of contract and bad faith, alleges that plaintiff and her husband owned a life insurance policy "which promised to pay the loan debt [to a specific credit union] in the event that either [plaintiff or her

husband] died before the loan was paid in full." *Id.* ¶ 1. Plaintiff alleges that, after her husband died, defendant denied her claim under the policy. *Id.* ¶ 4. Plaintiff demands judgment "in an amount due under the loan contract as of September 6, 2011, plus for an amount in excess of $25,000.00 for punitive damages . . . plus attorney fees, interest and court costs." *Id.* p.2. The *Complaint* does not specify the amount due under the loan contract on the relevant date. *Id.*

On June 7, 2011, defendant filed a notice of removal premised on diversity jurisdiction. *Defendant's Notice of Removal of Cause*, Doc. No. 1. The Court ordered the parties to file any "[m]otions or stipulations addressing the parties or pleadings" by August 10, 2011. *Preliminary Pretrial Order*, Doc. No. 8. On August 10, 2011, plaintiff filed the *Motion to Remand*. Plaintiff's sole argument in the motion is that the amount in controversy does not exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a) for diversity jurisdiction. Approximately two weeks after plaintiff filed the *Motion to Remand*, plaintiff filed an affidavit in support of the *Motion to Remand*. *Plaintiffs'* [sic] *Attorney Affidavit in Support of Motion to Remand to State Court*, Doc. No. 11 ("*Affidavit*"). In that *Affidavit*, plaintiff's attorney represents, "When this case goes to trial, the Plaintiffs and I will ask for an award of the payoff amount of the Plaintiffs' loan on the date of death of Frederick Kunkel and for punitive damages in no more than an amount of $30,000.00." *Id.* ¶ 8.

**II. DISCUSSION**

**A. Timeliness**

As a preliminary matter, this Court must address defendant's argument that the *Motion to Remand* is untimely. Defendant, citing 28 U.S.C. § 1447(c), argues briefly that the *Motion to Remand* should be

denied on the ground that plaintiff filed it more than 30 days after removal. *Defendant's Opposition to Plaintiff's Motion to Remand* ("*Opposition to Motion to Remand*"), Doc. No. 12, p.1. Although 28 U.S.C. §1447(c) does impose a 30-day deadline on certain motions to remand, the statute expressly excludes from this deadline motions to remand based on a claimed lack of subject matter jurisdiction. *Id.* In fact, the statute expressly provides that lack of subject matter jurisdiction may be raised at any point before entry of final judgment. *Id.* ("If *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added). Defendant's argument regarding timeliness therefore fails.

**B.  Amount in Controversy and Motion to Strike**

District courts may exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).  A party who removes a case to federal court bears the burden of establishing "that the allegations in the complaint . . . satisfy the amount-in-controversy requirement." *Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769-70 (6th Cir. 2009).  Although a plaintiff is not required to "research, state and prove the plaintiff's claim for damages," *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001), where a plaintiff "seek[s] to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy more likely than not exceeds $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (internal quotation marks omitted).  A court must consider punitive damages as part

of the amount in controversy "unless it is apparent to a legal certainty that [punitive damages] cannot be recovered." *Id.* (internal quotation marks omitted).

Here, the *Complaint* seeks several types of damages: (1) compensatory damages "in an amount due under the loan contract as of September 6, 2011;" (2) punitive damages "in excess of $25,000.00;" and (3) "attorney fees, interest and court costs." *Id.* The parties agree that the requested compensatory damages claim amounts to approximately $25,000. *Opposition to Motion to Remand*, p.3; *Affidavit*, ¶ 7. There is no dispute, moreover, that plaintiff's claim of bad faith would support a request for punitive damages. In fact, the only issue in dispute, for purposes of the *Motion to Remand*, is the amount of punitive damages that might be recoverable. *Motion to Remand*, Doc. No. 10, p.1; *Response to Defendant's Opposition to Plaintiffs' Motion to Remand*, Doc. No. 16 ("*Reply in Support of Motion to Remand*").

Ohio courts determine the reasonableness of a punitive damages award, in part, based on the size of a compensatory damages award. *Barnes v. Univ. Hosps. of Cleveland,* 893 N.E.2d 142, syllabus ¶ 2 (Ohio 2008); *see also Burns v. Prudential Secs., Inc.*, 857 N.E.2d 621, 650 (Ohio Ct. App. 2006). Here, a punitive damages award calculated at twice the amount of the claimed $25,000 in compensatory damages would result in a total recovery that approximates the jurisdictional amount under 28 U.S.C. §1332. Such an amount would be a "conservative award" under Ohio law. *See Shaffer v. Brink's U.S.*, No. 2:10-CV-331, 2010 WL 2302355, *2 (S.D. Ohio June 8, 2010); *see also Gollihue v. Consolidated Rail Corp.*, 697 N.E.2d 1109, 1125 (Ohio Ct. App. 1997) (holding that a punitive damages award calculated at three times the compensatory damages award was not inappropriate). Under these circumstances, the Court concludes that the jurisdictional amount has been met.

The *Affidavit* submitted by plaintiff in support of her *Motion to Remand* appears to reflect her attempt to cap or stipulate to an award of compensatory and punitive damages of less than the statutory jurisdictional amount. Plaintiff's attempt in this regard is ineffective, however. A court's removal jurisdiction attaches, if at all, at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). A plaintiff may not thereafter divest the court of jurisdiction by, for example, reducing the amount sought. *Id.* ("[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.").

**WHEREUPON,** the *Motion to Strike,* Doc. No. 14, is **DENIED.**

It is **RECOMMENDED** that the *Motion to Remand*, Doc. No. 9, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal a decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Found. of Teachers, Local 231,*

*etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                      *s/Norah McCann King*
                                      Norah M<sup>c</sup>Cann King
                      United States Magistrate Judge

November 2, 2011